## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**CHRISTOPHER BRUCE MOOREHART**       **DOCKET NO. 6:23-cv-0434**
                                                    **SECTION P**

**VERSUS**                                               **JUDGE ROBERT R. SUMMERHAYS**

**IRVIN CAITS, ET AL**                              **MAGISTRATE JUDGE AYO**

## REPORT AND RECOMMENDATION

This matter comes before the Court on remand from the Fifth Circuit Court of Appeals for a factual inquiry into the timeliness of *pro se* plaintiff Christopher Bruce Moorehart's Notice of Appeal. (Rec. Doc. 18). On May 14, 2024, the undersigned ordered Moorehart to provide evidence demonstrating the date on which he tendered the Notice of Appeal to prison officials for mailing. (Rec. Doc. 20). Moorehart failed to respond within the 30-day time period set forth in the Court's Order. The matter is now ripe for review.

### I.  BACKGROUND

Moorehart filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 3, 2023. (Rec. Doc. 1). The complaint was denied and dismissed on July 17, 2023. (Rec. Doc. 11). Moorehart filed an undated Notice of Appeal in this Court, which was received and stamped on November 27, 2023. (Rec. Doc. 12).

Under the prison mailbox rule, a *pro se* prisoner's pleading is considered filed when the document is placed in the prison mailing system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). On February 16, 2024, the Fifth Circuit remanded the case for this Court to determine whether the Notice of Appeal was timely filed, as it could not be determined from the record

whether Moorehart timely delivered the Notice of Appeal to prison officials for mailing on or before August 16, 2023.  (Rec. Doc. 18).

On May 14, 2024, the undersigned ordered Moorehart to provide evidence demonstrating the date on which he tendered the notice of appeal to prison officials for mailing.  (Rec. Doc. 20).  Moorehart failed to response to this Court's Order.

## II.  LAW AND APPLICATION

A notice of appeal must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R. App. P. 4(a)(1)(A).

Moorehart failed to provide this Court with any evidence—such as prison mail logs or affidavits—to show the date on which he tendered the Notice of Appeal to prison officials for mailing.  While this Court cannot explicitly determine what date the notice was placed in the mail, the undersigned has determined that Moorehart has not met his burden of demonstrating timely filing. *See Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013) (appellant has the burden of establishing appellate jurisdiction).

## III. RECOMMENDATION

Therefore, after careful review,

**IT IS RECOMMENDED** that the Court find that the Christopher Moorehart's Notice of Appeal was **UNTIMELY FILED**.

**IT IS FURTHER RECOMMENDED** that the Court order the Clerk of Court to return this case to the United States Court of Appeal for the Fifth Circuit for appropriate action, in accordance with its Order.  (Rec. Doc. 18).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 24th day of July, 2024.


David J. Ayo
United States Magistrate Judge